1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10

11   JUAN A. PORTILLO, CDC #H-80425,          Civil No.    06-CV-2760-BTM (CAB)

12                              Plaintiff,   **CASE MANAGEMENT CONFERENCE**
                                             **ORDER REGULATING DISCOVERY**
13              v.                           **AND OTHER PRETRIAL**
                                             **PROCEEDINGS**
14   DAVE S. KHATRI, and S. WALIA, M.D.,
                                              **(Fed. R. Civ. P. 16)**
15                              Defendants.    **(Local Rule 16.1)**
                                              **(Fed. R. Civ. P. 26)**
16
17          Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Case Management
18   Conference was held on August 10, 2007.  After consulting with the attorneys of record for the
19   parties and being advised of the status of the case, and good cause appearing, IT IS HEREBY
20   ORDERED:
21          1.      Any motion to join other parties, to amend the pleadings, or to file additional
22   pleadings shall be filed on or before **September 10, 2007**.
23          2.      On or before **November 9, 2007**, all parties shall exchange with all other parties a
24   list of all expert witnesses expected to be called at trial.  The list shall include the name, address,
25   and phone number of the expert and a brief statement identifying the subject areas as to which the
26   expert is expected to testify.  The list shall also include the normal rates the expert charges for
27   deposition and trial testimony.  On or before **November 23, 2007**, any party may supplement its
28   designation in response to any other party's designation so long as that party has not previously

                                              1

06cv2760

1   retained an expert to testify on that subject.

2       3.      Each expert witness designated by a party shall prepare a written report to be

3   provided to all other parties **no later than __February 4, 2008__**, containing the information required

4   by Fed. R. Civ. P. 26(a)(2)(A) and (B).

5       **Except as provided in the paragraph below, any party that fails to make these**

6   **disclosures shall __not__, absent substantial justification, be permitted to use evidence or**

7   **testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may**

8   **impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

9       4.      Any party, through any expert designated, shall in accordance with Fed. R. Civ. P.

10  26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence

11  intended solely to contradict or rebut evidence on the same subject matter identified in an expert

12  report submitted by another party.  Any such supplemental reports are due on or before **__February__**

13  **__19, 2008__**.

14      5.      __All__ discovery, including expert discovery, shall be completed on or before **__March__**

15  **__10, 2008__**.  *"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil

16  Procedure must be initiated a sufficient period of time in advance of the cut-off date, so *that it may*

17  *be completed* by the cut-off date, taking into account the times for services, notice, and response as

18  set forth in the Federal Rules of Civil Procedure.  All discovery motions must be filed within 30

19  days of the service of an objection, answer or response which becomes the subject of dispute or the

20  passage of a discovery due date without response or production, and only after counsel have met

21  and conferred and have reached impasse with regard to the particular issue.

22      6.      All motions, other than motions to amend or join parties, or motions in limine,

23  shall be **__FILED__** on or before **__April 14, 2008__**.

24      Please be advised that counsel for the moving party must obtain a motion hearing date

25  from the law clerk of the judge who will hear the motion.  Be further advised that the period of

26  time between the date you request a motion date and the hearing date may vary from one judge to

27  another.  Please plan accordingly.  For example, you may need to contact the judge's law clerk in

28  advance of the motion cut-off to assess the availability of the Court's calendar.  **Failure of counsel**

06cv2760

1    **to timely request a motion date may result in the motion not being heard.**

2           7.      Briefs or memoranda in support of or in opposition to any pending motion shall

3    not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge

4    who will hear the motion.  No reply memorandum shall exceed ten (10) pages without leave of the

5    judge or magistrate judge who will hear the motion.

6           8.      A Mandatory Settlement Conference shall be conducted on **May 19, 2008**, at

7    **10:00 a.m.** the chambers of Magistrate Judge Cathy Ann Bencivengo.  Counsel shall submit

8    **confidential** settlement statements **directly to chambers** no later than **May 12, 2008**.  Each

9    party's settlement statement shall set forth the party's statement of the case, identify controlling

10   legal issues, concisely set out issues of liability and damages, and shall set forth the party's

11   settlement position, including the last offer or demand made by that party, and a separate statement

12   of the offer or demand the party is prepared to make at the settlement conference.  **Settlement**

13   **conference briefs shall not be filed with the Clerk of the Court, nor shall they be served on**

14   **opposing counsel.**

15          9.      Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for

16   insured defendants with full and unlimited authority[1] to negotiate and enter into a binding

17   settlement, as well as the principal attorney(s) responsible for the litigation, must be present and

18   legally and factually prepared to discuss and resolve the case at the mandatory settlement

19   conference.  Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the

20   party who has the authority to negotiate and enter into a settlement.  Failure to attend the

21   conference or obtain proper excuse will be considered grounds for sanctions.

22         10.     In order to identify the claims to be tried and eliminate delay and surprise at trial,

23   the Court enters the following pretrial order pursuant to Fed.R.Civ.P. 16.  This order replaces the

---

25        [1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable

26   to the parties.  <u>Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  <u>Pitman v.</u>

27   <u>Brinker Intl., Inc.</u>, 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be

28   altered during the face to face conference.  <u>Id.</u> at 486.  A limited or a sum certain of authority is not adequate.  <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590 (8th Cir. 2001).

06cv2760

1  requirements under Local Rule 16.1(f)(2).  No Memoranda of Law or Contentions of Fact are to be

2  filed except in a bench trial.

3      11.    All parties or their counsel shall fully comply with the Pretrial Disclosure

4  requirements of Fed. R. Civ. P.  26(a)(3) on or before **July 29, 2008**.  **Failure to comply with**

5  **these disclosures requirements could result in evidence preclusion or other sanctions under**

6  **Fed. R. Civ. P. 37.**

7      12.    Pursuant to Local Civil Rule 16.1 (f)(4), on or **before August 5, 2008** the parties

8  shall meet and confer and prepare a proposed pretrial order containing the following:

9      a.    A statement to be read to the jury, not in excess of one page, of the nature of the

10          case and the claims and defenses.

11      b.    A list of the causes of action to be tried, referenced to the Complaint and

12          Counterclaim.  For each cause of action, the order shall succinctly list the elements

13          of the claim, damages and any defenses.  A cause of action in the Complaint or

14          Counterclaim which is not listed shall be dismissed with prejudice.

15      c.    A list of:

16          I.    each witness that counsel actually expects to call at trial with a brief

17              statement, not exceeding four sentences, of the substance of the witnesses'

18              testimony.

19          ii.    each expert witness that counsel actually expects to call at trial with a brief

20              statement, not exceeding four sentences, of the substance of the expert

21              witnesses' testimony.

22          iii.    additional witnesses including experts that counsel do not expect to call at

23              this time but reserve the right to call at trial along with a brief statement,

24              not exceeding four sentences, of the substance of the witnesses' testimony.

25      d.    A list of:

26          I.    all exhibits that counsel actually expect to offer at trial with a one-sentence

27              description of the exhibit.

28          ii.    all other exhibits that counsel do not expect to offer at this time but reserve

06cv2760

1   the right to offer if necessary at trial with a one-sentence description of the

2   exhibit.

3   e.   A statement of all facts to which the parties stipulate.  This statement shall be on a

4   separate page and will be read to and provided to the jury.  The parties are directed

5   to meet with the assigned magistrate judge to work out as many stipulations of fact

6   as possible.

7   f.   A list of all deposition transcripts by page and line, or video tape depositions by

8   section, that will be offered at trial.  The proponent of the deposition shall prepare

9   a copy of all portions to be read or played to the jury.

10   g.   The parties shall prepare proposed jury instructions (if trial by jury) on the

11   substantive claims, damages and defenses.  One set of proposed instructions shall

12   be given to the court.  If the parties disagree on an instruction, the alternative

13   instructions shall be submitted.

14   h.   The parties shall prepare a proposed jury verdict form.

15   The Court encourages the parties to consult with the assigned Magistrate Judge to work

16   out any problems in preparation of the proposed pretrial order.  The court will entertain any

17   questions concerning the conduct of the trial at the pretrial conference.

18   13.   The proposed final pretrial conference order, including objections they have to any

19   other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged

20   with the Clerk of the Court on or before **August 12, 2008**, and shall be in the form prescribed in

21   and in compliance with Local Rule 16.1 (f)(6).  Counsel shall also bring a court copy of the pretrial

22   order to the pretrial conference.

23   14.   The final pretrial conference shall be held before the Honorable Barry Ted

24   Moskowitz, United States District Court Judge, on **August 19, 2008**, at **4:00 p.m.**

25   15.   The dates and times set forth herein will not be modified except for good cause

26   shown.

27   ///

28   ///

06cv2760

1        16.    Plaintiff's counsel shall serve a copy of this order on all parties that enter this case

2   hereafter.

3        **IT IS SO ORDERED.**

4

   DATED:  August 10, 2007

5

6   _____

7   **CATHY ANN BENCIVENGO**
   United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

06cv2760