# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN A. PORTILLO,<br>CDCR #H-80425,<br><br>                  Plaintiff,<br><br>vs.<br><br>DAVE KHATRI,<br>S. WALIA, et al.,<br><br>                  Defendants. | Civil No.   06-2760 BTM (CAB)<br><br>**ORDER:**<br><br>**(1) CONSTRUING PLAINTIFF'S "MOTION IN OBJECTION TO UNITED STATES MAGISTRATE JUDGE'S ORDER" AS A MOTION FOR RECONSIDERATION;**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[Doc. No. 19]** |

On December 20, 2006, Juan A. Portillo ("Plaintiff"), an inmate currently incarcerated at Centinela State Prison in Imperial, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a), but instead submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

On September 24, 2007, United States Magistrate Judge Cathy Ann Bencivengo denied Plaintiff's ex parte Motion for Appointment of Counsel. Plaintiff then filed a "Motion in Objection to the United States Magistrate Judge's Order Denying Plaintiff's Motion for

Appointment of Counsel" which this Court construes to be a motion to reconsider pursuant to 28 U.S.C. § 636(b)(1)(A).

## I. Plaintiff's Motion for Reconsideration

In this matter, all pre-trial proceedings have been referred to Magistrate Judge Cathy Ann Bencivengo pursuant to Local Rule 72.3(e), "Assignment of § 1983 Prisoner Civil Cases to United States Magistrate Judges." However, Plaintiff is permitted to request that the Court reconsider any pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to the law." 28 U.S.C. § 636(b)(1)(A).

As noted in the Magistrate Judge Bencivengo's Order dated September 24, 2007, 28 U.S.C. § 1915(e)(1) provides district courts with the discretion, under "exceptional circumstances" to appoint counsel to an indigent party in a civil action. *See* Sept. 24, 2007 Order at 1 (citing *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)). In his original Motion, Plaintiff requested counsel because of his limited knowledge of the law and his limited English speaking abilities. *See* Pl.'s Mot. for Appointment of Counsel [Doc. No. 15] at 2-3.

Magistrate Judge Bencivengo found, however, that these circumstances were not sufficiently "exceptional" to require the appointment of counsel in light of Plaintiff's ability to adequately articulate the factual basis of his claims and the likelihood of success on the merits. *See* Sept. 24 Order at 2.

In his Motion for Reconsideration, Plaintiff argues that he does have a likelihood of success on the merits and he has received assistance from another prisoner to overcome his language barrier. These factors were considered but found deficient. In addition, Plaintiff has presented no facts or arguments by which the Court could find that Magistrate Judge Bencivengo's order was "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636. Accordingly, Plaintiff's Motion for Reconsideration is DENIED.

////
////
////
////

## II. Conclusion and Order

Accordingly, the Court liberally construes Plaintiff's Motion in Objection to United States Magistrate Judge's Order" as a Motion for Reconsideration pursuant to 28 U.S.C. § 636(b)(1)(A) and **DENIES** Plaintiff's Motion for Reconsideration [Doc. No. 19].

**IT IS SO ORDERED.**

DATED: November 9, 2007

_____
Honorable Barry Ted Moskowitz
United States District Judge